949 F.2d 400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff/Appellee,
v.
Michael D. HASTINGS, Defendant/Appellant.
Michael D. HASTINGS, Plaintiff/Appellant,
v.
UNITED STATES of America, Defendant/Appellee.
 Nos. 89-50525, 91-55253.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1991.*
Decided Dec. 4, 1991.
 
 Before FARRIS, PREGERSON and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these companion cases, Michael D. Hastings appeals from (1) the district court's judgment of conviction for (a) conspiracy to impair and impede the Internal Revenue Service, in violation of 18 U.S.C. § 371, (b) filing false tax returns, in violation of 26 U.S.C. § 7206(1), and (c) aiding and assisting in the filing of false tax returns, in violation of 26 U.S.C. § 7206(2), and (2) the district court's denial of his motion, under 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. We affirm.
 
 
 3
 We have carefully examined the record to determine whether the evidence was sufficient to support the intent elements of Hastings' convictions. Viewing the evidence in the light most favorable to the prosecution, as we must, we conclude that it was sufficient. United States v. Birges, 723 F.2d 666, 672 (9th Cir.) (factfinder may properly infer intent from objective facts and defendant's actions), cert. denied, 466 U.S. 943 (1984), cert. denied, 469 U.S. 863 (1984). The evidence showed that Hastings prepared false tax returns for Tolart, Inc. and DIMI Corporation. No further showing of intent is required to uphold the conspiracy conviction. See United States v. Penagos, 823 F.2d 346, 348 (9th Cir.1987) (proof of conspiracy requires proof of intent to commit underlying offense). The evidence also showed that Hastings prepared false tax returns for himself and the Wattenberg-Hastings partnership. This is sufficient to support the filing conviction. See United States v. Pomponio, 429 U.S. 10, 11-13 (1976) (section 7206(1) "willfulness" requires voluntary and intentional violation of known legal duty). The evidence showed that Hastings prepared false financial statements on behalf of Main Frame Systems Corporation that served as a basis for the false tax returns. This is sufficient to support the aiding and abetting conviction. See United States v. Crooks, 804 F.2d 1441, 1448 (9th Cir.1986) (section 7206(2) "willfulness" requires voluntary and intentional violation of known legal duty).
 
 
 4
 Hastings requests a remand to the district court for special findings of fact under Fed.R.Crim.P. 23(c). We deny the request. Hastings expressly waived his right under Rule 23(c) to request special findings of fact. The record is complete and adequate for our review of Hastings' claims of error.
 
 
 5
 Hastings contends that the district court erred in denying his § 2255 motion without holding an evidentiary hearing. Hastings alleged ineffective assistance of counsel as the basis for his motion. Even assuming that trial counsel's assistance fell below an objective standard of reasonableness (a view we do not embrace), we cannot say there is a reasonable probability that the outcome of the proceedings would have been different with effective assistance. See Strickland v. Washington, 466 U.S. 668, 691-96 (1984). Because the motion failed to state a claim for relief, the district court's denial without a hearing was not error. See Baumann v. United States, 692 F.2d 565, 571 (9th Cir.1982).
 
 
 6
 The reason for Hastings' § 2255 motion stems from his confusion about the terms of his sentence. By letter dated October 1, 1990, Judge Hatter's clerk explained to him that:
 
 
 7
 [18 U.S.C. § 4205(b)(1) ] establishes the earliest time at which you may become eligible for parole. Judge Hatter sentenced you to five (5) years of incarceration with a minimum incarceration period of eighteen (18) months. Thereafter, you may become eligible for parole, subject to the requirements of section 4205(b)(1). Section 4205(b)(1) requires that you serve two-thirds ( 2/3) of your sentence before you may become eligible for parole. Therefore, you must serve forty (40) months before you become eligible for parol[e].
 
 
 8
 Hastings' confusion stems from the fact that his Judgment and Probation/Commitment Order declares that he "shall be paroled pursuant to 18 U.S.C. § 4205(b)(1) upon serving a term of eighteen (18) months." His follow-up letter to the district court requesting clarification of this discrepancy was never answered.
 
 
 9
 Hastings is correct that his "minimum term at the expiration of which he becomes eligible for parole" under the Order, 18 U.S.C. § 4205(b)(1), is eighteen months. Judge Hatter's clerk was mistaken in stating that Hastings "must serve" two-thirds of his sentence prior to parole eligibility. This is so because § 4205(b)(1) provides that a minimum "term [for parole eligibility] may be less than but shall not be more than one-third of the maximum sentence imposed by the court."
 
 
 10
 This, however, does not mean that Hastings' incarceration beyond a term of eighteen months is unlawful. A district court's authority under § 4205(b)(1) is only to set a minimum period before which a prisoner becomes parole-eligible. A district court has no authority under this section to mandate parole at any time. That authority is in the discretion of the United States Parole Commission. 18 U.S.C. § 4203(b). Cf. Hayward v. U.S. Parole Commission, 659 F.2d 857, 860 (8th Cir.1981), cert. denied, 456 U.S. 935 (1982) (while sentencing court may alter when prisoner becomes eligible for parole, decision whether he will actually be paroled is for the Commission). The language of the Judgment and Probation/Commitment Order must be read with these limitations in mind.
 
 
 11
 AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3